NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

v.

DANIEL J. MATTA, *Appellant*.

No. 1 CA-CR 18-0197
FILED 2-12-2019

---

Appeal from the Superior Court in Maricopa County
No.  CR2017-130083-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James P. Beene joined.

---

**W E I N Z W E I G**, Judge:

¶1          Daniel J. Matta appeals his conviction and sentence for sexual conduct with a minor, M.L., a class 2 felony.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          M.L. lived with her mother and stepfather, Matta, for several years in Arizona.  She moved to New York in February 2017 and contacted the Lockport (New York) and Phoenix Police Departments in June 2017, reporting that Matta had sexually abused her in Arizona.  The incident occurred in November 2015, when M.L. was a 17-year-old minor still living with Matta.

¶3          The matter was ultimately assigned to Phoenix Police Detective Sonia Stanley, who interviewed M.L. in greater depth.  Detective Stanley traveled to New York.  She arranged for M.L. to place a confrontation call to Matta from the Lockport Police Department, which had agreed to host and record the call.  M.L. called Matta from the Lockport Police Department after Detective Stanley was assured the Department's recording equipment had been checked and was working.  Detective Stanley believed the conversation was recorded.  After the call, a Lockport Police detective handed Detective Stanley a CD recording of the call.

¶4          After returning to Arizona, Detective Stanley discovered the recorded conversation was largely inaudible with brief audible snippets as the conversation cut in and out.  She prepared a written summary of what she remembered from the call and asked the Lockport Police Department for a "working copy" of the recording.  Lockport Police confirmed the original recording was flawed, too.

¶5          The investigation continued.  Detectives interviewed Matta and M.L.'s mother, Amanda Matta.  Matta admitted something had occurred on the evening of the alleged incident and apologized, but denied he sexually assaulted M.L.  Mrs. Matta first told investigators that Matta

admitted the alleged misconduct in their initial conversations, but she later recanted her statement.

¶6 Matta was indicted for one count of sexual conduct with a minor, a class 2 felony. Before trial, Matta argued the court should either dismiss the charge or provide an adverse-inference jury instruction under *State v. Willits*, 96 Ariz. 184 (1964), because the police department failed to adequately "preserve" the confrontation call. The State countered that neither dismissal nor a *Willits* instruction was appropriate because "the confrontation call did not record" after the equipment malfunctioned and attached an explanation from the Lockport Police Department. The superior court ultimately denied the motion because police are "not required to record anything in the first place" and "[i]t just seems to me that this is not the situation which *Willits* is directed to."

¶7 The jury found Matta guilty as charged, and the court sentenced Matta to five years' imprisonment. Matta timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

¶8 Matta argues the superior court erred by denying his motion for an adverse-inference instruction under *Willits* because police unsuccessfully recorded the confrontation call. We review the denial of a request for a *Willits* instruction for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014).[1]

¶9 *Willits* authorizes the court to provide an adverse-inference jury instruction "when the state loses or destroys evidence that would have been useful to the defense, even if that destruction is innocent." *Id.* A defendant who seeks a *Willits* instruction "must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Id.* at 150, ¶ 8 (quotation omitted).

¶10 The superior court did not abuse its discretion because Phoenix Police never acquired the evidence that Matta insists it lost or destroyed. The record demonstrates that police tried to record the

---

[1] Matta has not argued on appeal that the superior court should have dismissed all charges and thus abandoned and waived the argument. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

conversation as evidence in the investigation but failed. The equipment malfunctioned—despite assurances from Lockport Police—leaving an erratic, spotty recording. Nor is an adverse-inference instruction appropriate when the State fails to marshal better or additional evidence. *See State v. Murray*, 184 Ariz. 9, 33 (1995) (defendant is not entitled to a *Willits* instruction "merely because a more exhaustive investigation could have been made"); *State v. Willcoxson*, 156 Ariz. 343, 346 (App. 1987) ("We do not believe that a failure to pursue every lead or gather every conceivable bit of physical evidence will require a *Willits* instruction.").

## CONCLUSION

¶11         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA